A. PEABODY *v.* J. M. SPALDING.

**Trial—Instructions—Construction.**

It was held that the word "procure," as used in an instruction, was used in its ordinary signification, and that it cannot be presumed that the jury attached to it a meaning different from that which persons of ordinary education would give it under the circumstances.

## APPEAL FROM JEFFERSON CIRCUIT COURT.

February 28, 1873.

OPINION BY JUDGE LINDSAY:

Appellant might have had the proceeding instituted before the justice of the peace dismissed because of the failure of appellee to begin his suit by filing a petition. He chose, however, to waive this right, and in the county court asked, not that the warrant should be dismissed, but that appellee should substitute for it a petition, and this being done, no further objection was taken to the manner in which the action had been commenced.

As matter of fact as well as of law a new suit was commenced in the county court upon the suggestion of the party who now complains of this irregularity.

The petition filed in the county court set out a cause of action against all the members of the firm of Dodge Rhorer & Co., and we are unable to perceive the ground upon which the demurrers of Dodge Rhorer and Barclay were sustained. However, as appellee chose to adhere to his original petition and went to trial upon the alleged promise or agreement of the firm as therein set up it was incumbent on him to produce some testimony conducing to establish such joint promise or agreement. Appellant insists that he utterly failed to do so, and therefore that the verdict should have been set aside and a new trial granted.

The jury had the right to consider every fact proved, and to deduce from such facts every allowable inference, in determining whether or not Peabody in employing appellee acted for the firm, and whether if he did, he acted within the scope of his authority as a partner.

We are not prepared to decide that the firm would not have been responsible to Fleming for the damages he sustained in its service. It is not necessary that we should even intimate an opinion upon this subject. But as Fleming was injured whilst obeying the orders of one of the members of the firm, and as that member undoubtedly took an active part in obtaining for the injured servant medical attention, the party may have inferred that he acted not for himself alone, but in the interest and for the protection of the partnership. As such our inference was allowable, and as a partner had the right to take necessary and proper steps in such a case to

protect his firm from a suit for damages, we can not say that the evidence wholly fails to make out the joint undertaking sued on.

We do not see that the instruction complained of was misleading. The word *procure*, like many other words, has different significations, but it was not an improper or unfit word in the connection in which it was used, and we can not presume that the jury attached to it a meaning different from that which persons of ordinary education would have given it under the circumstances.   There was no incompetent evidence permitted to go to the jury.

Judgment *affirmed*.

*Muir Bijier, Davie, for appellant.*

*Baird & Baird, for appellee.*